## IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
## CIVIL DIVISION

BEULAH REYNOLDS                                                          PLAINTIFF

v.                         CASE NO. CV 2015 - 1772.4

WALGREEN CO. d/b/a WALGREENS                                            DEFENDANT

### SUMMONS

THE STATE OF ARKANSAS

TO:          **WALGREEN CO. d/b/a WALGREENS**
             c/o Service Agent: The Prentice-Hall Corporation System, Arkansas, 300 Spring
             Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you receive it) --- or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas --- you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the opposing party, or their attorney, whose name and address is:

        Alan L. Lane
        Odom Law Firm
        P.O. Drawer 1868
        Fayetteville, Arkansas 72702
        alane@odomfirm.com

Additional Notices: If you fail to respond within the applicable time period, judgment by default will be entered against you for the relief demanded in the complaint.

SEAL OF CIRCUIT COURT
ARKANSAS
WASHINGTON COUNTY

KYLE SYLVESTER, CIRCUIT CLERK
WASHINGTON COUNTY COURTHOUSE
280 North College, Suite 302
Fayetteville, AR 72701

DEPUTY CLERK
DATE: 9-30-15

**EXHIBIT**
**1**

Case No.: _____

This Summons is for _____
                          (Name of person being served)

### PROOF OF SERVICE

☐   I personally delivered the summons and complaint to the individual at _____

     [place] on _____ [date];or

☐   I   left   the   summons   and   complaint   in   the   proximity   of   the   individual   by

     _____ after he/she refused to receive it when I offered it to

     him/her; or

☐   I left the summons and complaint at the individual's dwelling, house or usual place of abode at

     _____ [address] with _____

     [name], a person at least 14 years of age who resides there, on _____

     [date];or

☐   I delivered the summons and complaint to _____[name

     of individual], an agent authorized by appointment or by law to receive service of summons on

     behalf of _____[name      of      person      being      served]      on

     _____[date];or

☐   I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the

     summons and Complaint on the defendant by certified mail, return receipt requested, restricted

     delivery, as shown by the attached signed return receipt.

☐   I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first

     class mail to the defendant together with two copies of a notice and acknowledgment and

     received the attached notice and acknowledgment form within twenty days after the date of

     mailing.

☐   Other [specify]: _____

☐   I was unable to execute service because:_____

My fee is $_____

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____    SHERIFF OF _____ COUNTY,
                                            STATE OF _____

                                    BY:     _____
                                            [Signature of server]

                                            _____
                                            [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____    BY:     _____
                                            [Signature of server]

                                            _____
                                            [Printed name]

Address: _____

          _____

Phone: _____

STATE OF _____        §
                                     § ss.
COUNTY OF _____          §

Subscribed and sworn to before me this date: _____

                                            _____
                                            Notary Public

My commission expires:
_____

Additional information regarding service or attempted service:

_____

_____

_____

_____

**IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS**
**CIVIL DIVISION**

BEULAH REYNOLDS                                                                                    PLAINTIFF

v.                                           CASE NO. CV 2015 - 1772·4

WALGREEN CO. d/b/a WALGREENS                                                     DEFENDANT

<u>**COMPLAINT AT LAW**</u>

COMES NOW the Plaintiff, BEULAH REYNOLDS, and for her Complaint against the

Defendant, WALGREEN CO. d/b/a WALGREENS, states and alleges as follows:

1.       This lawsuit arises from injuries caused by an incident involving a

malfunctioning automatic door that was in use at Walgreens Store #05475. Walgreens Store

#05475 is located at 300 E. Township Street, Fayetteville, Washington County, Arkansas.

2.       Beulah Reynolds is a resident of Little Rock, Pulaski County, Arkansas.

3.       Defendant Walgreen Co. d/b/a Walgreens (hereinafter "WALGREENS") is a

foreign corporation doing substantial and continuous business in Arkansas.  The registered

agent for WALGREENS on file with the Arkansas Secretary of State is The Prentice-Hall

Corporation System, Arkansas, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock,

Arkansas 72201.

4.       WALGREENS does business as individual store locations throughout the state of

Arkansas to specifically include WALGREENS Store #05475 in Fayetteville, Arkansas referenced

above. WALGREENS operates its stores, to include the inspection and maintenance of its automatic doors, according to established policies and procedures developed by WALGREENS.

5.      This Court has jurisdiction over this matter and venue is proper.

6.      At the time of the fall incident described below, Beulah Reynolds was 96 years old. Ms. Reynolds lived independently and walked with the assistance of a walker.  Ms. Reynolds like many elderly people living into their 90s had multiple health conditions that she managed in her day-to-day life.  One such condition that Ms. Reynolds had was severe kyphosis or an exaggerated rounding of her back.  Kyphosis is a condition often found in elderly women who reach the age of Ms. Reynolds.  On or about May 21, 2014, at the direction of her doctor Ms. Reynolds underwent a kyphoplasty procedure at the T8 level of her spine to relieve some pain and increase her mobility.  The kyphoplasty procedure was a success and Ms. Reynolds' recovery was without complication.  Up to the date of the fall incident described below, Beulah Reynolds rehabilitation was on track as she was able to perform all of her usual daily activities without assistance.

7.      On the date of the incident that is the subject of this lawsuit, Ms. Reynolds was in Fayetteville, Arkansas to visit her daughter, Patti Kent.

8.      On August 1, 2014, as Beulah Reynolds attempted to enter WALGREENS Store #05475 in Fayetteville, Arkansas, the automatic sliding door, unexpectedly and without notice, began to close as she was maneuvering her walker through the threshold of the doorway.  That as the automatic door closed, the door struck Beulah Reynolds' walker and knocked her backwards to the concrete ground causing her to sustain serious injury.

9.      Ms. Reynolds immediately complained of pain in her back. Ms. Reynolds was taken by ambulance from the store to the emergency department at Washington Regional Medical Center.  A CT of her thoracic spine confirmed "an acute superior endplate compression fracture of T9…"

10.     That the entire incident was captured on the stores surveillance video.  That a representative of WALGREENS viewed the video of the incident and confirmed by telephone message that the door closed on Ms. Reynolds as she was attempting to enter the store.  This same representative of WALGREENS told Ms. Reynolds and her family that WALGREENS would not release a copy of the video to them.

11.     After the incident and as a part on its normal course of business operations, WALGREENS is believed to have preserved the video.  WALGREENS was also asked by Ms. Reynolds and her family to preserve the video.

12.     Beulah Reynolds was on the premises of the WALGREENS store as a customer and business invitee.

13.     WALGREENS has a duty to keep its premises safe, and to warn its customers, like Ms. Reynolds, of any dangerous conditions that exist on its premises.

14.     WALGREENS has a duty to maintain and inspect its premises for dangerous conditions and repair or remedy any such conditions that may exist to keep its customers safe.

15.     WALGREENS violated its duty to keep its premises in a reasonably safe condition, and further violated its duty by failing to warn Beulah Reynolds, and other customers, of the dangerous condition created by the automatic door located at the entrance of its store.

16.     That the manner in which the automatic door existed at the time of this incident was a choice made by WALGREENS. That the manner in which the automatic door was inspected and maintained leading up to and at the time of this incident was a choice made by WALGREENS.

17.     The automatic door at issue in this lawsuit was at all times relevant herein under the exclusive operation and control of WALGREENS.

18.     WALGREENS knew or should have known of the dangerous and hazardous condition of the automatic door and failed to use ordinary care to maintain, repair or to warn of its unreasonably dangerous condition.

19.     WALGREENS was negligent in its failure to warn of the hazardous condition and take appropriate steps to remedy or eliminate the dangerous condition and said negligence was the direct and proximate cause of Beulah Reynolds' injuries.

20.     WALGREENS failed to exercise ordinary care, having a duty to use ordinary care in the inspection and maintenance of the automatic door to ensure the door would not cause injury to its customers. WALGREENS was negligent as more specifically set forth below, and failed to use a degree of skill and care as ordinarily possessed and used by similar retail store operators. That particularly, WALGREENS failed to exercise ordinary care and was negligent in the following particulars, to-wit:

a.     Failure to use ordinary care, to include adherence to established store policies and procedures and/or manufacturer recommendation and instructions, in the maintenance and inspection of the automatic door;

b.     Failure to use ordinary care to inspect for defects in the safety features of

4

the automatic door during its normal use; and

c.      Failure to take reasonable steps to ensure that any and all safety measures

included on the automatic door were in good and working condition.

21.     The above described negligence was the actual and proximate of Beulah

Reynolds' fall and injuries.

22.     That as a direct and proximate result of WALGREENS' negligence, Beulah

Reynolds has incurred pain and suffering in the past and will continue to incur pain and

suffering in the future; has incurred medical bills in the past; has incurred mental anguish; and

further, has incurred a severe aggravation of a prior medical condition and loss of quality of life,

for all of which she is entitled to judgment against the Defendant in an amount in excess of that

required by federal jurisdiction in diversity of citizenship cases.

23.     That Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Beulah Reynolds, prays for

judgment against the Defendant, WALGREEN CO. d/b/a WALGREENS, in an amount in excess

of that required by federal jurisdiction in diversity of citizenship cases and for her costs, fees,

interests, and any other relief to which this Court may find her entitled.

Respectfully submitted,
BEULAH REYNOLDS, Plaintiff,

By:     _____
BOBBY LEE ODOM, Ark. Bar #70054
ALAN L. LANE, Ark. Bar #2003131
Odom Law Firm, P.A.
1 East Mountain
P.O. Drawer 1868
Fayetteville, AR  72702
479-442-7575

5

479-442-9008 Fax
alane@odomfirm.com


ATTORNEYS FOR THE PLAINTIFF